UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>    Plaintiff,<br><br>  v.<br><br>WOODSIDE HOTEL GROUP LTD,<br><br>    Defendant. | No. C 20-05821 WHA<br><br>**ORDER CONVERTING MOTION TO DISMISS INTO MOTION FOR SUMMARY JUDGMENT, ALLOWING IMMEDIATE DISCOVERY, VACATING HEARING, AND GRANTING JUDICAL NOTICE** |

    In this ADA case, this order converts the motion to dismiss into a motion for summary judgment and allows immediate discovery.

    Plaintiff Theresa Brooke is a disabled individual who uses a wheelchair for mobility. In 2020 she visited the Monterey Plaza Hotel & Spa in Monterey, California. The complaint alleges that upon arriving at the hotel's passenger loading zone, she observed the lack of access aisle and that this absence of an access aisle prevented her from entering the lobby (Comp. ¶¶ 1, 12).

    The complaint alleges that upon visiting the Monterey Hotel & Spa, plaintiff observed the hotel had two passenger-loading zones. One lay directly adjacent to the hotel's lobby and the second adjoined the street. The complaint alleges that both lacked an access aisle. Access aisles are designated spaces for maneuvering a wheelchair or other mobility device when entering or exiting a vehicle. The complaint asserts that the lack of an access aisle denied her entry to the

hotel's lobby and caused her not to book a room, yet she would return to this hotel were it up to code (Comp. ¶¶ 1, 13, 17, 19).

Defendant filed the instant motion to dismiss, a request for judicial notice of plaintiff's prior lawsuits, and a declaration by an averred ADA expert. Plaintiff filed an opposition. Defendant filed a reply, which purported to support its motion to dismiss or in the alternative motion for summary judgment. Then plaintiff filed its own request for judicial notice of a recent order by another district court judge in a similar case (Dkt. Nos. 1, 7, 8, 16–18).

As stated, defendant moves to dismiss for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1). There are two types of challenges to subject-matter jurisdiction: facial and factual. In a facial attack, the moving party alleges that the complaint does not allege facts that would satisfy subject-matter jurisdiction. In contrast, "'[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Wolfe v. Strankman*, 392 F.3d 358, 361 (9th Cir. 2004). Consideration of extraneous material, however, is allowed on a factual motion to dismiss for lack of subject-matter jurisdiction only when "the jurisdictional issue is separable from the merits of the case . . . ." *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Here, defendant mounts a factual attack. It presents a sworn declaration related to the age of the hotel and vital statistics on its physical make-up, all to demonstrate that plaintiff was uninjured. The declaration seeks to win the case on the factual merits at the very outset of the case.

To survive a motion to dismiss, however, a complaint need only allege sufficient factual matter, accepted as true, to state a claim for relief plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Generally, district courts may not consider materials outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6). *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Extraneous material, however, is allowed in a Rule 12(b)(6) motion in two instances: judicial notice under FRE 201 and the incorporation-by-reference doctrine. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Both procedures allow district courts to

consider materials outside a complaint, but their use must be "consistent with the prohibition against resolving factual disputes at the pleading stage." *Id.* at 1003.

Defendant seeks to introduce information via judicial notice. A court may judicially notice a fact that is "*not subject to reasonable dispute*" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b) (emphasis added).

Defendant requests judicial notice of records from PACER, which appear to catalogue the many lawsuits that plaintiff has brought against various stores and hotels, a long list supplemented with updated PACER records via a further request. (Defendant's request for judicial notice does not go so far as to ask for judicial notice of the expert declaration.) For her part, plaintiff requests judicial notice of a November 2020 order by Judge Susan Illston (Dkt. Nos. 8, 17, 18). These documents are not subject to reasonable dispute. Therefore, these items will be judicially noticed. This does not, however, advance defendant's immediate cause. The problem is the fact declaration by the hotel expert.

Rule 12(d) provides that if "matters outside the pleadings are presented to and not excluded by the court," in a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56." All parties, Rule 12(d) continues, must then be given a "reasonable opportunity to present all the material that is pertinent to the motion," including the opportunity to take reasonable discovery to meet the issues raised by the extraneous material.

Defendant's inclusion of the expert declaration calls for application of Rule 12(d). Specifically, defendant hotel offers a declaration purporting to establish full compliance with the ADA. The declaration, as stated, is not subject to judicial notice or to the incorporation-by-reference doctrine. The declaration triggers conversion of defendant's Rule 12(b)(6) motion to one for summary judgment. Defendant acknowledges as much in its reply brief, which is pled to support a motion to dismiss or "in the alternative summary judgment." This motion cannot and should not be decided on this incomplete record.

For the guidance of counsel, the following issues are of particular concern. The age of defendant's hotel and its renovation history determine the applicable version of the ADA

Accessibility Guidelines. A corollary issue is whether the hotel has one or more passenger-loading zone(s), which might trigger the requirement for an access aisle abutting at least one of those loading zone(s). Discovery should be taken to illuminate these topics. Plaintiff shall have the opportunity to take a deposition of the declarant and other depositions reasonably necessary to meet the motion for summary judgment. Defendant may take discovery on the issues raised, including taking a deposition of plaintiff. What will not be allowed (at this stage) is questioning about the truth or falsity of her prior accusations of ADA violations or the settlement strategies involved in those cases.

The parties have **91 DAYS** from the date of this order to complete this discovery and to file supplementations explaining the new evidence. Supplementations are due by **FEBRUARY 16, 2021**, at noon. Plaintiff may cross-move if she feels the record warrants a decision in her favor. If plaintiff chooses to cross-move for summary judgment, plaintiff shall file that motion by **FEBRUARY 16, 2021**. Defendant's opposition to plaintiff's cross-motion for summary judgment, if any, will be due **MARCH 2, 2021**. Plaintiff's opposition to defendant's motion for summary judgment will also be due **MARCH 2, 2021**. Both parties' replies will be due **MARCH 9, 2021**. The hearing shall be on **APRIL 22, 2021**, most likely by telephone, at **8 AM**. (This will be the same date as the case management conference.) The hearing previously set for November 19, 2020, is **VACATED**.

**IT IS SO ORDERED.**

Dated: November 17, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT
JUDGE

4